UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL Q. BLACK, <br>           Plaintiff, <br><br> v. <br><br> PETER KILMARTIN, et al., <br>           Defendants. | C.A. No.: 11-460-M |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Pro se Plaintiff Michael Q. Black filed this federal action in connection with his unemployment benefits. He seeks "the unpaid and /or unclaimed 'balance' of [his] unemployment insurance account," as well as fees, damages, and expenses. (ECF No. 9 at 18.) His Amended Complaint (Complaint) names three defendants: (i) Peter Kilmartin, the Attorney General of the State of Rhode Island;[1] (ii) Charles J. Fogarty, the Director of the Department of Labor and Training for the State of Rhode Island; (iii) and J.P. Morgan Electronic Financial Services, Inc. ("J.P. Morgan").[2]

The State of Rhode Island Department of Labor and Training (RIDLT) instituted an

---

[1] It appears that Mr. Black intended to sue the State of Rhode Island. While Mr. Black names Attorney General Peter Kilmartin, he cited the statute that allows a person to *serve* the Attorney General when the State is a defendant. R.I. Gen. Laws § 9-31-7. There are no allegations in the Complaint against Attorney General Kilmartin; therefore, the Court treats the State of Rhode Island as the defendant here.

[2] There is some dispute about which corporate entity is the proper defendant. Mr. Black named an entity known as "J.P. Morgan Electronic Financial Services, Inc." (ECF No. 9 at 5-6) as the Defendant, but it identified itself as "JPMorgan Chace Bank, National Association" in its Motion to Dismiss (ECF No. 21) and states that Mr. Black named the improper entity in his Complaint. For purposes of these motions, the distinction is not relevant. The Court will refer to this Defendant as JP Morgan.

electronic benefit transfer system for the payment of unemployment insurance in lieu of sending recipients their benefits via a paper check. (*See* ECF No. 6-1.) Chase Bank issues a debit card to the recipients of unemployment benefits. The State makes the unemployment insurance payment from the Unemployment Trust Fund directly to the recipients' debit card. R.I. Gen. Laws § 28-42-21. Mr. Black alleges that $922.00 of unemployment benefit payments was shorted from his debit card.[3] (ECF No. 9 at 13.)

Mr. Black asserts a claim of negligence against all defendants and also a private right of action under 15 U.S.C. § 1693m for a violation of the Federal Consumer Credit Protection, Electronic Fund Transfer Act (EFTA). 15 U.S.C. § 1693 et seq.[4]

The State Defendants, Attorney General Kilmartin and Director Fogarty ("the State") move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14 at 1.) They contend, among other things, that Mr. Black's purported claim under the EFTA appears directed only at JP Morgan. *Id.* at 3-4. Further, the State points out that they were named in their official capacities only and, as such, neither is a "person" under 42 U.S.C. § 1983 that can be sued for monetary damages.[5] *Id.* at 4-6. Finally, the State argues that Mr. Black has not exhausted his administrative remedies. *Id.* at 6-7.

JPMorgan also moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 21 at 1.) It contends, among other things, that the court lacks subject matter jurisdiction because Mr. Black has not exhausted his administrative remedies. *Id.*

---

[3] The Court is unclear whether Mr. Black's grievance is with respect to the amount the State paid him or the amount of benefits calculated on his debit card.

[4] The pertinent section of the EFTA states that "any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer . . ." 15 U.S.C. §1693m(a).

[5] This Court does not interpret Mr. Black's complaint to assert recovery under 28 U.S.C. § 1983, and therefore declines to address this argument.

2

at 6-7. In addition, JP Morgan argues that res judicata applies because Mr. Black brought these same claims, against these same defendants in two different state courts in cases that have already adjudicated this dispute.[6] *Id.* at 7-8.

*The State*

Mr. Black alleges, in this federal court action, that the State owes him $922.00 in unpaid unemployment benefits. However, the Court finds that he has failed to exhaust state law administrative remedies available to him to seek redress.

In general, a plaintiff must exhaust all administrative remedies before filing a complaint in a federal district court. *Myers v. Bethlehem Shipbuilding Co.*, 303 U.S. 41, 50–51 (1938). The doctrine of exhaustion of administrative remedies allows an agency an opportunity to apply its expertise and to correct its own errors. *Parisi v. Davidson*, 405 U.S. 34, 37 (1972). It also allows the agency to develop a thorough factual record of the case, and to exercise its own discretion in resolving an issue, and to correct its own mistakes. *Ezratty v. Com. of Puerto Rico*, 648 F.2d 770, 774 (1st Cir. 1981).

There is a very clear path for those aggrieved persons to follow to seek review of unemployment benefits decisions. Title 28, Chapter 44 of the General Laws is entitled, "Employment Security - Benefits" and sets forth those procedures. An interested party may file an appeal from the determination of the director of the Department of Labor and Training

---

[6] Mr. Black asserted similar claims against these same defendants here in a Rhode Island Small Claims Court case (Docket 11-276) and a Rhode Island Superior Court case (R.I. Superior Court, PC-2011-1943). (*See* ECF No. 21-2 at 1-2.) The R.I. Superior Court claims were dismissed with prejudice (ECF No. 21-2 at 9, Order dated June 16, 2011). After the dismissal of the Superior Court action, Mr. Black removed the case to this Court, C.A. No. 11-265-M. This Court dismissed the case, *Black v. Kilmartin*, No. 11-265. (ECF No. 8.) The First Circuit issued its judgment ordering that the district court accept for filing a new complaint from Mr. Black. (ECF No. 19). Mr. Black filed a new complaint which is the subject matter of this Order.

to the "appeal tribunal." R.I. Gen. Laws § 28-44-44. After a hearing, the appeal tribunal shall make findings and conclusions and on the basis of those findings and conclusions affirm, modify, or reverse the director's determination. R.I. Gen. Laws § 28-44-46. Any interested party shall be allowed to appeal to the board of review from the decision of an appeal tribunal. R.I. Gen. Laws § 28-44-47. The decision of the board of review "shall be final unless any party in interest, including the director, initiates judicial review by filing a petition with the clerk of the sixth division of the [Rhode Island] district court within thirty (30) days as set forth in the Administrative Procedures Act." R.I. Gen. Laws § 28-44-52. An appeal can be taken from the R.I. District Court decision to the R.I. Supreme Court. R.I. Gen. Laws § 28-44-55.

There is no assertion in the Complaint or in the materials attached that Mr. Black appealed to the appeal tribunal, the board of review, or the Rhode Island Sixth Division District Court. Instead, he filed his Complaint in federal court without taking advantage of his state administrative remedies. Because Mr. Black has failed to exhaust his state remedies, this case does not belong in the U.S. District Court and, certainly, does not belong here at this stage. Therefore, the State's Motion to Dismiss (ECF No. 14) is GRANTED.

*JP Morgan*

Mr. Black alleges that the EFTA applies to his claim against JP Morgan because it affords him a federal private cause of action. 15 U.S.C. § 1693 et seq. The EFTA "regulates the participants in electronic fund transfer systems." *Sullivan v. Greenwood Credit Union*, 520 F.3d 70, 73 (1st Cir. 2008). It does, indeed, contain a private cause of action, *see* 15 U.S.C. § 1693m, but, the EFTA also contains an exclusion for state and local government electronic benefits transfer systems. 15 U.S.C. § 1693b(d)(2)(B).

4

> The disclosures, protections, responsibilities, and remedies established under this subchapter, and any regulation prescribed or order issued by the Bureau in accordance with this subchapter, shall not apply to any electronic benefit transfer system established under State or local law or administered by a State or local government.

An electronic benefit transfer system is defined in the statute as:

> a system under which a government agency distributes needs-tested benefits by establishing accounts that may be accessed by recipients electronically, such as through automated teller machines or point-of-sale terminals.

15 U.S.C. § 1693b(d)(2)(A)(i). It is clear from the plain language of the statute that the EFTA has no application here because this dispute involves monies transferred via a state electronic benefits transfer system. Because the EFTA is the sole basis for its claim against JP Morgan in this Court,[7] JP Morgan's Motion to Dismiss (ECF No. 21) is GRANTED.

The Court should also note that res judicata provides an additional independent reason for dismissing the Complaint in its entirety.[8] Mr. Black previously brought these very same claims against these very same defendants two times in state court. His Superior Court case was dismissed with prejudice. (ECF No. 21-2 at 9, Order dated June 16, 2011.) The Rhode Island Supreme Court has stated that: "[i]n essence, the doctrine of '[r]es judicata serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.'" *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I.

---

[7] Nor does the Court have subject matter jurisdiction over Mr. Black's negligence claim against JP Morgan. While the parties are diverse, the amount in controversy does not exceed $75,000 as required by statute. 28 U.S.C. § 1332.

[8] The First Circuit recently pointed out, "Res judicata is an affirmative defense, but where, as here, the defendant[s] ha[ve] raised the question on a motion to dismiss, the plaintiff [s] do[ ] not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." *Garcia-Monagas v. De Arellano*, 674 F.3d 45, 50 (1st Cir. 2012). This reasoning applies to this case.

2010), quoting *In re Sherman*, 565 A.2d 870, 872 (R.I. 1989). Here, the Rhode Island Superior Court decided with finality same issues among the same parties. Mr. Black does not get multiple bites at the same apple.

For all of the foregoing reasons, Defendants' Motions to Dismiss (ECF No. 14 and 21) are GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 20, 2012